In the Matter of ABRAHAM L. SIEGEL, an Attorney, Respondent.

First Department, May 4, 1934.

*Einar Chrystie*, for the petitioner.

*William Pinkney Hamilton, Jr.*, for the respondent.

FINCH, P. J.   This is a motion by the respondent to confirm the report of a referee in a disciplinary proceeding, except in so far as the conduct of the respondent is criticised, and a counter-motion by petitioner that the court take such action herein as it may deem just and proper.

The facts are carefully stated in the comprehensive opinion of the learned referee and it would entail only repetition to restate them here.

The referee finds that the charge that respondent deliberately violated the terms of an escrow agreement has not been sustained. From the testimony of the petitioner's witnesses alone it is impossible

to hold that the finding of the referee is against the weight of the evidence.

The referee, however, finds that the respondent acted unethically by failing to pay what was due until complaint was made to petitioner and by giving before the referee an explanation concerning the failure to produce earlier the office register of respondent, which explanation the learned referee did not believe.

The evidence shows that respondent paid over the money received by him in escrow with reason to believe that said payment was with the consent of the parties to the escrow agreement for the purposes of a lease in connection with which the money was deposited, leaving respondent only under a personal obligation for the repayment of the money at the expiration of the lease. There was thus a substitution of the personal liability of respondent for the money deposited. Mere delay in the payment of a debt under all the circumstances here disclosed is not sufficient to warrant disciplinary action.

The main charge not having been sustained, there is not sufficient in this record to call for discipline of respondent.

It follows that the proceeding should be dismissed.

MERRELL, MARTIN, O'MALLEY and UNTERMYER, JJ., concur.

Proceeding dismissed.